ORIGINAL

FILED

04/20/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0328

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 18-0328

_____

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JUAN ANASTASIO RODRIGUEZ,

Defendant and Appellant.

_____



FILED

APR 20 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

On March 31, 2021, Defendant and Appellant Juan Anastasio Rodriguez filed a petition for rehearing of this Court's March 16, 2021 decision in *State v. Rodriguez*, 2021 MT 65, 403 Mont. 360, ___ P.3d ___. The State has responded in opposition.

Under M. R. App. P. 20, this Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the opinion "overlooked some question presented by counsel that would have proven decisive to the case," or if the opinion "conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20(1)(a)(i-iii).

Rodriguez asserts rehearing is warranted in this case because the Court's plain error analysis of the trial testimony of Ladonna Maxwell "fail[ed] to account for the effect her mixed testimony likely had on the jury" and because the Court erred in determining he had not "presented sufficient record-based inefficacy to warrant reversal based on ineffective assistance of counsel."

Having reviewed Rodriguez's petition and the State's response, the Court concludes rehearing is not warranted under M. R. App. P. 20. Regarding the testimony of Maxwell, Rodriguez simply rehashes the same arguments regarding cautionary instructions he previously made. This Court squarely addressed and rejected those arguments in its Opinion, noting we were not "firmly convinced" it was necessary to exercise plain error

review regarding a cautionary instruction as Rodriguez did not object to Maxwell's testimony at trial. *Rodriguez*, ¶ 21. In addition, Rodriguez again only cites to "persuasive" federal authority for his contention a cautionary instruction should have been given but fails to address how the Court not following non-binding federal authority could mean its Opinion "conflicts with a statute or controlling decision not addressed" by the Court as required by M. R. App. P. 20(1)(a)(iii). Regarding Rodriguez's ineffective assistance of counsel argument, we noted there was an insufficient record to determine "why" counsel did not cross-examine Jean McAllister on false reporting and therefore his claims were not appropriate for resolution on direct appeal. *Rodriguez*, ¶¶ 35-36. Rodriguez's new arguments in his petition do nothing to change this fact. Once again, Rodriguez fails to demonstrate the Court's Opinion either "overlooked some fact material to the decision" or "conflict[ed] with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20(1)(a)(i, iii). Accordingly,

IT IS HEREBY ORDERED that the Petition for Rehearing is DENIED.

The Clerk of this Court shall provide a copy of this Order to Juan Anastasio Rodriguez and to all counsel of record.

DATED this 20 day of April, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices